

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711

mayerbrown.com

**Charles E. Harris II**
Partner
T: +1 312 701 8934
F: +1 312 706 8359
CHarris@mayerbrown.com

May 31, 2023

**VIA MAIL AND ECF**

Honorable Ronnie Abrams
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 1506
New York, New York 10007
Phone: (212) 805-0284

Re:  *Guerrero v. Turn Technologies, Inc.*, Case No. 23-cv-02483
     (S.D.N.Y. filed March 23, 2023).

Dear Judge Abrams,

We are writing on behalf of Defendant Turn Technologies, Inc. ("Turn"). We apologize for ignoring Your Honor's previous orders. We had not entered an appearance as we believed Plaintiff was dismissing this action, not attempting to stay it, after conceding that arbitration is the proper forum to decide his dispute. Indeed, Plaintiff filed an arbitration today, albeit before the wrong arbitration administrator. In addition, we advised Plaintiff's counsel that Turn never received formal service of a summons and complaint. We have filed a motion for admission *pro hac vice*.

Regarding Plaintiff's May 8, 2023 letter to the Court, we are baffled by his contention that "there is a high probability" the American Arbitration Association ("AAA") "rejects to administer the arbitration citing violations" of its "Consumer Due Process Protocols." The AAA registered Turn's arbitration agreement, signifying that it complies with the AAA Consumer Due Process Protocol. *See* https://www.adr.org/consumer (navigate to "View Registered Consumer Arbitration Clauses.). Besides, the arbitration agreement expressly states that "[i]f the AAA is … unwilling to administer arbitrations consistent with this arbitration agreement, another arbitration administrator shall be selected." *See* Arbitration Agreement, § 14.4, attached hereto. In other words, Plaintiff's claim would not proceed in this Court even if the AAA refused to administer Plaintiff's arbitration.

Turn consents to Plaintiff's stay request, assuming the Court's typical procedure is to stay a case where, as here, a party submits an application under section 3 of the Federal Arbitration Act, 9 USC § 3, and concedes that all of its claims are referrable to arbitration. *See* Dkt. No. 10 (requesting a stay under 9 USC § 3 and noting courts should stay a proceeding "after all claims have been referred to arbitration"). Turn assumes that, at the very least, the Court will dismiss the proceeding administratively.

We are at your disposal for any questions.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

May 31, 2023
Page 2

Best regards,

Charles E. Harris, II
Partner

Enclosure